UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANNA BUCCINI,

              Plaintiff,

vs.                                     Case No. 2:08-cv-698-FtM-29DNF

STATE OF FLORIDA DEPARTMENT OF
CHILDREN AND FAMILY SERVICES, THE
FLORIDA DEPARTMENT OF ENVIRONMENTAL
PROTECTION, ERICA CEASAR, RON MOORE,

              Defendants.
_____

**OPINION AND ORDER**

     This matter comes before the Court on Defendant Ron Moore's Motion to Dismiss (Doc. #6) filed on September 19, 2008, and defendant Erica Cesare's Motion to Dismiss (Doc. #22) filed on January 21, 2009. Plaintiff filed a Brief in Opposition (Doc. #15) and Brief in Response (Doc. #23) respectively. Both defendants seek to dismiss Count IV of the Complaint (Doc. #2) based on qualified immunity and failure to state a claim. The Complaint was originally filed in state court, but removed to federal court based upon federal question jurisdiction premised on Count IV, which alleges a violation of 42 U.S.C. § 1983.

    In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127

S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, plaintiff must plead enough facts to state a plausible basis for the claim. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).[1] The Eleventh Circuit insists on a heightened pleading standard for § 1983 cases against officials who are able to assert qualified immunity as a defense. Danley v. Allen, 540 F.3d 1298, 1313-14 (11th Cir. 2008). The Court concludes that Count IV is not sufficiently plead to satisfy the heightened pleading standard, and will therefore require an amended complaint as to Count IV.

Taking all allegations as true, the Complaint (Doc. #2) against the State of Florida Department of Children and Family Services (DCF), The Florida Department of Environmental Protection (DEP), Erica Cesare individually, and Ron Moore individually alleges the following relevant facts: At all relevant times, Ron Moore (Moore) was an employee of DEP and Erica Cesare (Cesare) was an employee of DCF. On or about September 2004, Buccini's grandchild was sheltered with her as part of a dependency proceeding. On or about November 15, 2004, Buccini and the minor

---

[1] Plaintiff relies on the former rule that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). (Doc. #15, p. 4.) The Eleventh Circuit has stated that Twombly retired this often-criticized standard. James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008).

child arrived at DCF for the child's visitation with the mother. After the visit, case worker Cesare told Buccini to give her (Cesare) the child. Buccini repeatedly refused this request. Cesare then told Buccini that she could not leave and a court order existed requiring her to give up the child. Cesare requested and obtained assistance from DEP, which was located in the same building. Officer Moore arrived and told Buccini that he would arrest her if she was not nice. Buccini told Moore that Cesare was lying about the court order, but Moore responded that the DCF attorney had faxed the information and he would arrest her if she did not give up the baby. Moore grabbed and twisted Buccini's right hand, breaking the tendons in her hand, while another DCF employee took the baby.

At a hearing on November 16, 2004, the DCF attorney admitted there was no court order requiring the child to be given to DCF. A week after the incident, the baby was returned to Buccini, who is the child's permanent legal guardian. Buccini had to undergo surgery to reconnect the tendons in her right hand.

The Court finds several areas that must be re-plead. First, the Court will require that Count IV be re-plead to more specifically identify the contours of the Fourth/Fourteenth Amendment right(s) plaintiff alleges were violated. Count IV seems to allege only an unlawful detention of plaintiff and unlawful seizure of the child (Doc. #2, ¶57), but plaintiff's Brief in Opposition discusses false arrest and may suggest excessive force.

Second, while the Complaint alleges that Moore did not have any arrest authority, plaintiff's Brief in Opposition seems to back off this position in light of representations by defendant. The Court will require that plaintiff state in an amended count whether she asserts Moore had arrest authority or not, if that is relevant to her claim. Third, plaintiff's Brief in Opposition asserts certain facts which are either not alleged or insufficiently alleged in the Complaint, e.g., "the inference is clear that Ron Moore did not have a Court Order, lied to Mrs. Buccini when he told her that the DCF attorney had faxed it to him, failed to verify the information, and had no legal authority to grab her, detain her, injury her and allow the child to be seized" (Doc. #15, p. 3); and that Moore stated he saw the court order (Doc. #15, p. 7). The Court does not find clear inferences, and the amended count will be required to state specifically what it asserts to be the facts. Fourth, the Complaint alleges that a non-party was requested to take a drug test, a fact with no apparent connection to plaintiff's claims. The parties then argue over what was pled in this regard and the significance of the matter. If the request to take a drug test is relevant to plaintiff's claims, it must be set forth in more factual detail.[2]

Accordingly, it is now

---

[2] Plaintiff is of course free to make other changes to Count IV as she sees fit in light of the requirement that the count be re-plead.

**ORDERED:**

1. Defendant Ron Moore's Motion to Dismiss (Doc. #6) is **GRANTED** to the extent that plaintiff shall file an Amended Complaint setting forth the claim in Count IV with more factual specificity.

2. Defendant Erica Cesare's Motion to Dismiss (Doc. #22) is **GRANTED** to the extent that plaintiff shall file an Amended Complaint setting forth the claim in Count IV with more factual specificity.

3. Plaintiff shall file an Amended Complaint with an amended Count IV within **TWENTY (20) DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of February, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record